**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 11-4427**

———————————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

CHARLES DENARD WASHINGTON,

                    Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:10-cr-00294-NCT-1)

———————————

Submitted:  November 10, 2011      Decided:  December 15, 2011

———————————

Before MOTZ, GREGORY, and DAVIS, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Louis C. Allen III, Federal Public Defender, Gregory Davis, Senior Litigator, Winston-Salem, North Carolina, for Appellant. Ripley Rand, United States Attorney, Robert A. J. Lang, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Denard Washington appeals his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006). On appeal, Washington contends that the district court erred in denying his motion to suppress evidence produced during what he claims was an illegal seizure of his person by police officers. He argues that his detention violated the Fourth Amendment because it was not supported by a reasonable suspicion that he was involved in criminal activity. We affirm.

This court reviews for clear error the factual findings underlying a district court's ruling on a motion to suppress and the court's legal conclusions de novo. United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011). When evaluating the denial of a suppression motion, the Court construes the evidence in the light most favorable to the government, the prevailing party below. Id.

Consistent with the Fourth Amendment, a police officer may stop a person for investigative purposes when the officer has reasonable suspicion based on articulable facts that criminal activity is afoot. United States v. Arvizu, 534 U.S. 266, 273 (2002); Terry v. Ohio, 392 U.S. 1, 22 (1968). Whether there is reasonable suspicion to justify the stop depends on the totality of the circumstances, including the information known

to the officer and any reasonable inferences to be drawn at the time of the stop. United States v. Sokolow, 490 U.S. 1, 8 (1989); Foster, 634 F.3d at 246. The reasonable suspicion determination is a "commonsensical proposition," and deference should be accorded to police officers' determinations based on their practical experience and training. United States v. Foreman, 369 F.3d 776, 782 (4th Cir. 2004).

Our review of the record leads us to conclude that the district court correctly determined that Washington's seizure was supported by the requisite reasonable suspicion. When officers encountered Washington, he was in a known high-crime area and appeared to be attempting to conceal himself behind a dumpster. When an officer tried to confront him, he fled and failed to heed commands to stop. As we have previously stated, such circumstances, considered in their totality, are sufficient to support a reasonable suspicion that a person is engaged in criminal activity. See United States v. Johnson, 599 F.3d 339, 345 (4th Cir. 2010). We find no merit in Washington's reliance on the fact that, when taken alone, unprovoked flight or presence in a high-crime area will not support a reasonable suspicion of criminal activity. Foreman, 369 F.3d at 782.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED